IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBORAH HOWARD, on behalf of herself and a class, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| BETTERNOI, LLC, | ) ) |
| Defendant. | ) ) |

## COMPLAINT – CLASS ACTION

1. Plaintiff Deborah Howard ("Ms. Howard") brings this action against BetterNOI, LLC, a supplier of specialized consumer reports (credit reports) to landlords, to secure redress for improper information on her consumer report and reckless and irresponsible reporting procedures. Plaintiff alleges violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337 and 15 U.S.C. §1681p .

3. Venue in this District is proper because defendant is located in this District.

## PARTIES

4. Plaintiff, Deborah Howard, is a resident of Cook County, Illinois.

5. Defendant BetterNOI, LLC is a limited liability company organized under Illinois law with principal office at 220 Gerry Drive, Wood Dale, IL 60191. 0000

6. Defendant BetterNOI, LLC, regularly provides tenant screening services to landlords. It describes this aspect of its business as follows on its web site: "Effective resident screening combines credit and criminal background checks, application verifications and ongoing analysis of previous screening decisions. BetterNOI offers comprehensive, accurate and cost-effective screening designed exclusively for the multifamily industry."

(https://www.betternoi.com/resident-screening/)  (Exhibit A)

      7.      Defendant furnishes its reports for monetary compensation.

      8.      Defendant is a consumer reporting agency as defined in the FCRA.

      9.      Defendant touts the accuracy of its eviction information.  It states on its web site

(https://www.betternoi.com/resident-screening/#courtEvictionReport):

> Eviction Record Investigations
>
> Unlock critical information regarding an applicant's previous rental performance. Not available in standard Equifax, Experian, and TransUnion credit reports, court eviction reports may be a useful predictor of an applicant's future rental outcome. For example, a record of past court actions, not limited to evictions, against an applicant, may suggest a higher level of risk that the applicant may not satisfactorily fulfill his/her lease obligations.
>
> Our detailed information, taken directly from the court record, includes:
>
> o    Defendant Name and Address
> o    Case Type, Date and Number
> o    Case Status, Claim Amount and/or Judgment
> o    Plaintiff/Petitioner Name and Telephone Number
> o    Court/County
>
> Our court eviction reports are supported by advanced technology and unsurpassed customer service. Whether you choose a customized applicant scoring model, designed with your specific guidelines in mind, or an accredited multi-family risk model, our reports allow you to analyze eviction records and provide clear accept/decline guidelines based on your established criteria. This ensures consistent decision making, improves Fair Housing compliance, and relieves your staff from having to interpret criminal reports and other subjective data.

      10.      As noted in defendant's promotional materials, the three major credit bureaus do not generally report information regarding the mere filing of a case against a consumer.  Instead, they primarily only report foreclosures and actual monetary judgments against consumers.  On information and belief, this is because they recognize that cases are often filed in error, may name the wrong consumer, and/or may contain false information.

      11.      Defendant, on the other hand, issues tenant screening reports which list all eviction cases filed against a consumer, regardless of the outcome, and suggests to its customers that such a report is a good tool to use in screening tenants.  In addition, defendant offers the

"service" to its customers, of supplying a report which indicates that an applicant should be rejected based on the mere existence of an eviction case having been filed against a consumer, without presenting any information regarding the actual outcome of the eviction case. On information and belief, defendant does not advise its customers that they should consider the actual outcome of the eviction case, nor does it advise its customers of the actual outcome of the case.

## FACTS

12. Ms. Howard resided at 4050 W. Hirsch, #1, Chicago, Illinois in 2016. This was a mixed use commercial/residential building with 11 residential apartments and a commercial unit. The residential units were subject to the Chicago Residential Landlord Tenant Ordinance.

13. In August 2016, an eviction action was filed against Ms. Howard by TICO Apartments, LLC, the landlord.

14. Ms. Howard moved out in July 2017 (nearly a year later) as a result of terrible housing conditions, including mold, rodents, roaches, broken appliances, charging her for utilities furnished to other units, harassment, and offensive communications from the landlord's representative ("the representative").

15. Ms. Howard had reported the representative's harassment to the City of Chicago shortly – less than one year – before the lawsuit was filed against her. The landlord's representative told her that he "could make things hard for her".

16. On information and belief, the lawsuit was filed in retaliation for Ms. Howard's complaint. The landlord continued accepting rent until Ms. Howard moved out nearly a year later.

17. Under §5-12-150 of the Chicago Residential Landlord-Tenant Ordinance, which applied to Ms. Howard's tenancy at 4050 W. Hirsch, #1, Chicago, Illinois, "if there is evidence of tenant conduct protected herein within one year prior to the alleged act of retaliation, that evidence shall create a rebuttable presumption that the landlord's conduct was retaliatory."

18. The summons and complaint were never served. Nothing was ever adjudicated. No order of possession or judgment was ever issued. A copy of the docket is attached as Exhibit B.

19. On or about January 3, 2017, BetterNOI, LLC issued a tenant screening report (Exhibit C) to LUCHA Humboldt Park Residence in connection with plaintiff's application for rental housing in Chicago, stating:

\* \* \*

| **Eviction Records** | | DEBORAH HOWARD |
|---|---|---|
| Plaintiff | County | Date |
| Remarks | Address | Case Number |
| TICO APTS LLC | COOK | 08/04/2016 |
| | 4050 W. HIRSCH #1 CHICAGO IL | 16-M1-713783 |

\* \* \*

20. As a result Ms. Howard was initially denied housing.

21. On or about April 10, 2018, Ms. Howard disputed the accuracy of the report (Exhibit D).

22. Defendant has not altered its report.

23. On information and belief, based on the manner in which plaintiff's eviction was reported, among other things, defendant's practice was to report only the fact that an eviction case had been filed, and not the actual outcome of the case.

24. The format and titles of the report ("eviction records") makes it ambiguous whether the case resulted in an outcome adverse to the tenant.

25. It is not consistent with the maximum possible accuracy standard to issue reports regarding the filing of an eviction case without also listing the current status and/or the actual resolution of the case.

26. It is materially misleading for defendant to report a disposition of "eviction" as

occurring on the date the eviction case was filed, without also reporting the actual disposition and/or status of the case as the time the report was issued.

27. Defendant's practice allows the reporting as an "eviction record" of the filing of a lawsuit presumed to be retaliatory under the City of Chicago Residential Landlord-Tenant Ordinance.

28. The reporting as an "eviction record" of a lawsuit presumed to be retaliatory under the City of Chicago Residential Landlord-Tenant Ordinance is not consistent with the maximum possible accuracy standard.

29. Plaintiff suffered embarrassment and humiliation.

30. Plaintiff also suffered economic injury as a result of being unable to rent the apartment she desired and expenditure of time and money looking for an apartment and dealing with defendant's false report.

## COUNT I – FAIR CREDIT REPORTING ACT

31. Plaintiff incorporates paragraphs 1-30.

32. Under the FCRA, 15 U.S.C. §1681e, defendant is required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

33. Preparing a report referring to "eviction records" but listing the date an eviction case is filed, without also reporting other relevant information, such as current status of the case and/or the actual resolution of the case does not comply with the maximum possible accuracy standard.

34. The mere fact that an eviction case was filed against somebody does not "suggest a higher level of risk that the applicant may not satisfactorily fulfill his/her lease obligations," and the inclusion of an eviction based on such circumstances, given defendant's stated reason for such inclusion, is a false and misleading representation.

35. On information and belief, defendant's report on plaintiff was prepared according

to defendant's normal practices and procedures for preparing reports on individuals.

38. Defendant negligently or willfully violated 15 U.S.C. §1681n and/or §1681o.

37. Section 1681n provides:

> **§1681n. Civil liability for willful noncompliance**
>
> **(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of–**
>
> **(1)**
>
>> **(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**
>
> **(2) such amount of punitive damages as the court may allow; and**
>
> **(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

38. Section 1681o provides:

> **§1681o. Civil liability for negligent noncompliance**
>
> **(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of--**
>
> **(1) any actual damages sustained by the consumer as a result of the failure;**
>
> **(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

## CLASS ALLEGATIONS

39. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), plaintiff brings this action on behalf of a class.

40. The class consists of (a) all natural persons (b) who were the subject of a consumer report prepared or provided by defendant (c) on or after a date two years prior to the filing of this action, (d) which report noted an "eviction record" using the date an eviction case was filed (e) without also listing the actual status of the case at the time the report was issued.

41. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 40 members of each class.

42. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether defendant's practices violate the standard of maximum possible accuracy.

43. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

44. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and class action cases.

45. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many consumers may not realize that their rights are violated.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendant for:

(1) Statutory damages;

(2) Punitive damages;

(3) Actual damages;

(4) Attorney's fees, litigation expenses and costs of suit;

(5) Such other or further relief as the Court deems proper.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Tara L. Goodwin
Mary Frances Charlton
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200

(312) 419-0379 (FAX)  
Email address for service: courtecl@edcombs.com

Frank Avellone  
Senior Attorney & Policy Coordinator  
LAWYERS' COMMITTEE FOR BETTER HOUSING  
33 N LaSalle St., Suite 900  
Chicago, IL 60602  
(312) 347-7600  
(312) 347-7604 (FAX)

## **JURY DEMAND**

Plaintiff demands trial by jury.

>*/s/ Daniel A. Edelman*
>Daniel A. Edelman

## **NOTICE OF LIEN AND ASSIGNMENT**

      Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                  */s/ Daniel A. Edelman*
                                  Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)